UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Residential Funding Company, LLC, | Civil File No. 09-3455 JNE/AJB |
| Plaintiff, | |
| v. | **PLAINTIFF'S ANSWER** |
| Terrace Mortgage Company, | **TO COUNTERCLAIM** |
| Defendant. | |

Plaintiff Residential Funding Company, LLC ("RFC"), by its attorneys, Felhaber, Larson, Fenlon & Vogt, P.A., states and alleges as follows:

1. Except as hereinafter specifically admitted or qualified, RFC denies each and every fact, allegation and assertion contained in Defendant's Counterclaim.

2. RFC admits that the Defendant generally delivered residential mortgage loans to RFC. However, RFC is without knowledge or information sufficient to admit or deny specifically what loans Defendant is referring to in paragraph 1 of the Counterclaim. On that basis, RFC specifically denies that Defendant delivered all loans to RFC pursuant to the terms and conditions of its contract with RFC.

3. RFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2. On that basis, RFC denies the allegations in paragraph 2.

4. RFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3. On that basis, RFC denies the allegations in paragraph 3.

5. RFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4. On that basis, RFC denies the allegations in paragraph 4.

6. RFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5. On that basis, RFC denies the allegations in paragraph 5.

7. RFC denies the allegations in paragraph 6.

8. RFC is without knowledge or information sufficient to admit or deny the existence of any alleged "agreement" with Defendant to insure against default as Defendant is referring to in paragraph 7 of the Counterclaim. On that basis, RFC denies the allegations in paragraph 7.

9. With respect to paragraph 8, RFC admits only that these are allegations that are previously stated paragraphs to which RFC has already responded. Accordingly, RFC incorporates its earlier answers to said paragraphs as if fully stated herein.

10. RFC is without knowledge or information sufficient to admit or deny specifically what loans Defendant is referring to in paragraph 9 of the Counterclaim. RFC admits that it agreed to purchase certain loans pursuant to the terms and conditions of the contract between RFC and Defendant. RFC denies that all loans sold to RFC by Defendant satisfied the terms and conditions of the contract between the parties. On that basis, RFC denies the remaining allegations in paragraph 9.

11. RFC is without knowledge or information sufficient to admit or deny specifically what loans Defendant is referring to in paragraph 10 of the Counterclaim. RFC admits that it agreed to purchase certain loans pursuant to the terms and conditions of the contract between RFC and Defendant. RFC denies that all loans sold to RFC by Defendant satisfied the terms and

conditions of the contract between the parties. On that basis, RFC denies the remaining allegations in paragraph 10.

12. RFC denies the allegations in paragraph 11.

13. RFC denies the allegations in paragraph 12.

14. With respect to paragraph 13, RFC admits only that these are allegations that are previously stated paragraphs to which RFC has already responded. Accordingly, RFC incorporates its earlier answers to said paragraphs as if fully stated herein.

15. RFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14. On that basis, RFC denies the allegations in paragraph 14.

16. RFC is without knowledge or information sufficient to admit or deny the existence or amount of funds as alleged by Defendant in paragraph 15 of the Counterclaim. RFC admits that it has demanded that Defendant pay the full amount for the loans breaching the terms and conditions of the contract between the parties. On that basis, RFC denies the remaining allegations in paragraph 15.

17. RFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16. On that basis, RFC denies the allegations in paragraph 16.

18. RFC denies the allegations in paragraph 17.

19. With respect to paragraph 18, RFC admits only that these are allegations that are previously stated paragraphs to which RFC has already responded. Accordingly, RFC incorporates its earlier answers to said paragraphs as if fully stated herein.

20. RFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19. On that basis, RFC denies the allegations in paragraph 19.

21. RFC is without knowledge or information sufficient to admit or deny the existence or amount of funds as alleged by Defendant in paragraph 20 of the Counterclaim. RFC admits that it has demanded that Defendant pay the full amount for the loans breaching the terms and conditions of the contract between the parties. On that basis, RFC denies the remaining allegations in paragraph 20.

22. RFC denies the allegations in paragraph 21.

23. RFC denies the allegations in paragraph 22.

24. With respect to paragraph 23, RFC admits only that these are allegations that are previously stated paragraphs to which RFC has already responded. Accordingly, RFC incorporates its earlier answers to said paragraphs as if fully stated herein.

25. RFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24. On that basis, RFC denies the allegations in paragraph 24.

26. RFC denies the allegations in paragraph 25.

27. RFC denies the allegations in Defendant's prayer for relief and further denies that Defendant is entitled to any relief whatsoever. Any allegations not heretofore admitted are now expressly denied.

## AFFIRMATIVE DEFENSES

RFC asserts the following affirmative defenses:

### First Affirmative Defense

28. Defendant's counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

29. Defendant's counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

### Third Affirmative Defense

30. Defendant's counterclaims are barred, in whole or in part, by Defendant's failure to mitigate its damages, if any.

### Fourth Affirmative Defense

31. Any and all damages claimed by Defendant were caused, aggravated or contributed to by Defendant's own conduct or the conduct of third-parties outside or beyond RFC's control.

### Fifth Affirmative Defense

32. RFC's policies, practices and decisions with respect to Defendant were at all times based on a legitimate business purpose.

### Sixth Affirmative Defense

33. RFC's actions with respect to Defendant were at all times reasonable, undertaken in good faith and consistent with the terms and conditions of the contract between the parties.

### Seventh Affirmative Defense

34. Defendant's counterclaims are barred by the doctrines of estoppel, unclean hands, waiver and laches.

### Eighth Affirmative Defense

35. Defendant's counterclaims are barred because Defendant first breached the contract between the parties.

### Ninth Affirmative Defense

36. Defendant's counterclaims are barred due to failure of consideration.

### **Tenth Affirmative Defense**

37. RFC expressly reserves the right to assert any additional affirmative defenses that may become apparent through discovery in this case and expressly reserves the right to amend its affirmative defenses to Defendant's counterclaim to assert any such affirmative defenses.

**WHEREFORE**, Plaintiff RFC respectfully requests that the counterclaim brought by Defendant be dismissed in all respects, together with such other and further relief as this Court may deem just and proper.

Dated: January 13, 2010                               FELHABER, LARSON, FENLON & VOGT, P.A.


By:   s/Donald G. Heeman
Donald G. Heeman, #286023
Jon L. Farnsworth, #0389473
220 South Sixth Street, Suite 2200
Minneapolis, MN  55402-4504
(612) 339-6321
ATTORNEYS FOR PLAINTIFF