## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Residential Funding Company, LLC, Limited Liability Company, | Civil No. 09-3455 (SRN/AJB) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| Terrace Mortgage Company, a Georgia corporation, | |
| Defendant. | |

Donald G. Heeman, and Jon L. Farnsworth, Felhaber, Larson, Fenlon & Vogt, P.A., 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402, for Plaintiff.

Thomas M. Barton and Aaron P.M. Tady, Coles Barton LLP, 9 Lumpkin Street, Suite 200, Lawrenceville, GA 30046; and John D. Sear and Melissa Stull, Bowman and Brooke LLP, 150 South Fifth Street, Suite 3000, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the court on the Defendant Terrace Mortgage Company's objection to Plaintiff Residential Funding Company, LLC's request for fees and costs, following this Court's grant of summary judgment to Residential.

Residential entered into a contract with Terrace to purchase residential mortgage loans underwritten by Terrace on the condition that those loans met certain specified requirements. (Doc. No. 1, Ex. A., at 8.) Residential alleged that Terrace was obligated, but refused, to repurchase thirteen loans Residential had purchased from Terrace. Residential's Complaint asserted one claim for breach of contract, and one claim for indemnity for Residential's attorneys' fees and costs pursuant to the parties' agreement.

(Doc. No. 1-1.) The parties' agreement included several provisions requiring Terrace to indemnify RFC for all losses, damages, penalties, fines, forfeitures, costs, attorneys' fees, judgments, and any other costs, fees and expenses resulting from any "event of default," or incurred by RFC in any litigation or other means of enforcing the contract.

This Court granted Residential's motion for summary judgment on both counts and directed Residential to submit an affidavit detailing the fees and costs incurred in this action. (Doc. No. 43.) Residential filed an affidavit regarding the attorneys' fees and costs it seeks. (Doc. No. 44.) Terrace now opposes the request, contending that the two-page affidavit Residential submitted–"without any supporting information"–does not permit Terrace to determine whether the claimed fees and costs are reasonable or even related to the loans at issue. (Doc. No. 45, at 2-3.) Residential originally had alleged that Terrace was obligated to repurchase five additional loans, but the parties later agreed to a dismissal of Residential's claims with respect to those five loans. (Doc. Nos. 17, 18.)

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff shall, within seven days of the date of this Order, resubmit its Affidavit, but supported by appropriate evidentiary documentation, with any privileged information or attorney work product appropriately redacted; and

2. Defendant may file any response within seven days thereafter.

Dated:  April 19, 2012                     s/ Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge