## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Residential Funding Company, LLC,          Civil No. 09-3455 (SRN/AJB)
Limited Liability Company,

              Plaintiff,            **MEMORANDUM OPINION**
                                         **AND ORDER**

    v.

Terrace Mortgage Company,
a Georgia corporation,

              Defendant.

---

Donald G. Heeman, and Jon L. Farnsworth, Felhaber, Larson, Fenlon & Vogt, P.A., 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402, for Plaintiff.

Thomas M. Barton and Aaron P.M. Tady, Coles Barton LLP, 9 Lumpkin Street, Suite 200, Lawrenceville, GA 30046; John D. Sear and Melissa Stull, Bowman and Brooke LLP, 150 South Fifth Street, Suite 3000, Minneapolis, MN 55402, for Defendant.

---

SUSAN RICHARD NELSON, United States District Judge

     This matter is before the Court on the objection by Defendant Terrace Mortgage Company to the request of Plaintiff Residential Funding Company, LLC for its fees and costs, following this Court's grant of summary judgment to Residential.

     Residential entered into a contract with Terrace to purchase residential mortgage loans underwritten by Terrace on the condition that those loans met certain specified requirements. (Doc. No. 1, Ex. A., at 8.) Residential alleged that Terrace was obligated, but refused, to repurchase certain loans Residential had purchased from Terrace. Residential's Complaint asserted one claim for breach of contract, and one claim for indemnity for Residential's attorneys' fees and costs pursuant to the parties' agreement.

(Doc. No. 1-1.)  The parties' agreement included several provisions requiring Terrace to indemnify RFC for all losses, damages, penalties, fines, forfeitures, costs, attorneys' fees, judgments, and any other costs, fees and expenses resulting from any "event of default," or incurred by RFC in any litigation or other means of enforcing the contract.

This Court granted Residential's motion for summary judgment on both counts and directed Residential to submit an affidavit detailing the fees and costs incurred in this action.  (Doc. No. 43.)  Residential filed an affidavit seeking $214,813.45 in attorneys' fees and $19,071.70 in costs, for a total of $233,885.15.  (Doc. No. 44.)  Terrace opposed the request, contending that the two-page affidavit Residential submitted "without any supporting information" does not permit Terrace to determine whether the claimed fees and costs are reasonable or even related to the loans at issue.  (Doc. No. 45, at 2-3.)  Residential originally had alleged that Terrace was obligated to repurchase eighteen loans, but the parties later agreed to a dismissal of Residential's claims with respect to five of those loans.  (Doc. Nos. 17, 18.)  The parties also agreed to a dismissal of Terrace's counterclaims.  (Id.)

This Court directed Residential to resubmit its request with documentary support. (Doc. No. 55.)  Residential filed an affidavit supported by its billing invoices.  (Doc. No. 56.)[1]  Terrace again opposes the request for fees and costs, reiterating its objection to the fees and costs associated with the five loans for which Residential dismissed its claims. (Doc. No. 57.)  Terrace also asserts that Residential's invoices reflect "block billing" that

---

[1]      Residential corrects an error in the amount of $654.40 in its original request for costs.  Accordingly, it now seeks $18,417.40 in costs.

does not identify the particular loan or loans with respect to which the fees were incurred.
(Id.)

In Count II of the Complaint, Residential asserted a claim for contractual indemnification.  In moving for summary judgment, Residential sought the attorneys' fees and costs it had incurred in this action.  (Doc. No. 24, at 22-23.)  Terrace did not expressly oppose summary judgment with respect to Count II.  As this Court explained in granting summary judgment to Residential,

> [t]he parties' agreement provided that Terrace "shall indemnify [RFC] from all losses, damages, penalties, fines, forfeitures, courts costs and reasonable attorneys' fees, judgments, and any other costs, fees and expenses *resulting from any **Event of Default**.*"  (Doc. No. 29, Ex. 6, § A212, at RFC 06320.) "In addition, [Terrace] shall indemnify [RFC] against any and all losses, damages, penalties, fines, forfeitures, judgments, and any other costs, fees and expenses (including court costs and reasonable attorneys' fees) *incurred by [RFC] in connection with any litigation* or governmental proceeding *that alleges any violation of . . . law by [Terrace] . . . in connection with the origination or servicing of a Loan*."  (Id.)  Finally, Terrace "also shall indemnify [RFC] and hold it harmless against all court costs, attorneys' fees and any other costs, fees and expenses *incurred by [RFC] in enforcing the Client Contract*."  (Id.)

(Doc. No. 43, at 27 (emphases added).)  In short, the contractual indemnification provisions permit Residential to recover any and all fees and costs incurred (1) as a result of any default on a loan, (2) in litigation regarding Terrace's origination or servicing of a loan, or (3) in enforcing the parties' agreement.

In light of these contractual provisions and the fact that Residential, as the plaintiff, bore the burden of proof in this action, the fees and costs requested generally are recoverable.  Residential also had to defend against Terrace's counterclaims.  Finally,

Residential asserts that, as the documentation it has submitted demonstrates, its counsel "never spent any appreciable time proving up any of the five loans" that Residential agreed to drop in early November 2010.  (Doc. No. 56, ¶ 8 & Ex. A.)

Nonetheless, some fees were incurred with respect to the five loans for which Residential dismissed its claims and that dismissal was "with prejudice and on the merits without cost to any party."  (Doc. No. 18.)  It appears that those loans were dismissed for lack of evidentiary support.  (Doc. No. 56, Ex. A, at 53 (noting October 28, 2010 communications with opposing counsel regarding "dismissal of certain claims not supported by discovery with prejudice").)  Exercising its discretion, the Court concludes that Residential may recover ninety percent (90%) of the fees and costs it seeks.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant shall pay to Plaintiff $193,332.10 in attorneys' fees and $16,575.57 in costs; and

2.      The Court having previously granted Plaintiff summary judgment on the underlying merits, a final judgment may now be entered.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  May 31, 2012                              __s/ Susan Richard Nelson___
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge