UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Residential Funding Company, LLC,             Civil No. 09-3455 (SRN/AJB)
Limited Liability Company,

       Plaintiff,

    v.                                                        **MEMORANDUM OPINION
                                                                 AND ORDER**

Terrace Mortgage Company, a
Georgia corporation,

       Defendant.

---

Donald G. Heeman and Jon L. Farnsworth, Felhaber, Larson, Fenlon & Vogt, P.A., 220 South Sixth Street, Suite 2200, Minneapolis, Minnesota 55402, for Plaintiff.

Thomas M. Barton and Aaron P.M. Tady, Coles Barton LLP, 9 Lumpkin Street, Suite 200, Lawrenceville, GA 30046; and John D. Sear and Melissa Stull, Bowman and Brooke LLP, 150 South Fifth Street, Suite 3000, Minneapolis, Minnesota 55402, for Defendant.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff's Motion to Certify Judgment [Doc. No. 67]. For the reasons stated below, Plaintiff's Motion is granted.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Residential Funding Company, LLC ("RFC") moves for an order pursuant to 28 U.S.C. § 1963 permitting it to register this Court's June 12, 2012 Second Amended Judgment [Doc. No. 63] in district courts other than in Minnesota, including Georgia and Florida, where the assets of Defendant Terrace Mortgage Company ("Terrace") are believed to be located. The Second Amended Judgment granted summary

judgment in Plaintiff's favor and awarded Plaintiff $2,299,129.90 in damages, attorneys' fees, and costs. (Second Am. J. [Doc. No. 63].) Defendant appealed the judgment to the Eighth Circuit Court of Appeals on June 29, 2012, where the appeal is currently pending. (Notice of Appeal [Doc. No. 64].)

Pursuant to 28 U.S.C. § 1963, a court may order that its judgment for the recovery of money or property be registered in another district court, even while an appeal is pending, provided that the prevailing party demonstrates "good cause." 28 U.S.C. § 1963. Therefore, because Terrace's appeal of the judgment in this case is pending before the Eighth Circuit, this Court may only grant RFC's motion for certification of judgment if RFC has shown good cause.

One factor relevant to a finding of good cause is whether the defendant has assets in the district in which judgment was entered. 3M Company v. Mohan, No. 09-CV-1413 (ADM/FLN), 2011 WL 2441213, * 1 (D. Minn. June 17, 2011) (citing Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63 (D. N. J. 1989)). Where the defendant has no assets in the judgment district, this Court has held that "the mere existence of assets in the foreign district is relevant to finding good cause for permitting registration of the judgments." Id. In determining the existence of good cause, courts have also considered whether the non-prevailing party has requested a stay pending appeal and posted a supersedeas bond pursuant to Fed. R. Civ. P. 62(d). See Johns v. Rozet, 143 F.R.D. 11, 12-13 (D. D.C. 1992); Northwest Airlines v. Aeroservice, Inc., No. 00-CV-1933 (DWF/AJB), Order of 4/2/02 at 2 [Doc. No. 151] (D. Minn.).

As noted, judgment was entered in this case in June 2012. RFC represents that Terrace has no assets in this District from which RFC might satisfy the judgment. However, Plaintiff contends that Defendant possesses assets in Georgia and Florida. (Pl.'s Mem. at 2 [Doc. No. 69]) (citing Terrace Dep. at 26-27, 180 [Doc. No. 28-1].) Defendant does not dispute this assertion in its responsive memorandum.

Terrace objects to RFC's motion, arguing that RFC has not specified how any of Terrace's acts will result in an unsatisfied judgment if the judgment is not certified. (Def.'s Opp'n Mem. at 2 [Doc. No. 72].) Defendant further contends that certification of judgment is unwarranted here, as Plaintiff has identified no dishonesty, deceit, or likelihood of future wrongdoing that might otherwise constitute good cause. (Id.) As to the issue of posting a supersedeas bond, Defendant argues that the posting of such a bond was not ordered by the Court, suggesting that the Court should not consider the lack of a bond in its good cause analysis. (Id. at 2-3.) Finally, Defendant argues that certification of judgment should be denied because Plaintiff filed for bankruptcy in May 2012. (Id. at 3.) Consequently, Terrace contends, if the judgment is certified, and if RFC executes judgment, Terrace may be without a remedy if the judgment is reversed on appeal after RFC collects judgment elsewhere. (Id.)

Because Defendant has no assets in this District, whereas there is evidence that Defendant has assets in Georgia and Florida, and because Defendant has not posted a supersedeas bond, the Court finds that good cause exists to register the judgment in the judicial districts in which Defendant's assets are likely to be found. While there is no

showing of dishonesty, deceit, or propensity for future wrongdoing on the part of Defendant, legal precedent does not require a showing of such conduct. Good cause is satisfied for the reasons set forth above. See Mohan, 2011 WL 2441213 at * 1-2.

Defendant's concerns related to Plaintiff's bankruptcy are speculative. Defendant has been free to post a supersedeas bond and obtain a stay to protect itself against any risks stemming from Plaintiff's bankruptcy in the event that the judgment is reversed on appeal. See Fed. R. Civ. P. 62(d). As Defendant notes, Fed. R. Civ. P. 62(d) does not impose a deadline for posting a supersedeas bond, but merely provides that a bond "may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." (Def.'s Opp'n Mem. at 2, n.1 [Doc. No. 72]) (citing Fed. R. Civ. P. 62(d)). Defendant has not posted such a bond. While this is not the situation where the Court ordered the filing of a supersedeas bond and Defendant failed to do so, courts have nonetheless considered the lack of a supersedeas bond – whether court-ordered or voluntary – when determining good cause. See Johns, 143 F.R.D. at 12 (observing that "defendants have failed to post the supersedeas bond ordered by the Court); Mohan, 2011 WL 2441213 at *2 (noting, "Mohan has not posted a supersedeas bond in order to effect a stay of execution on the judgments."); Northwest Airlines, Order of 4/2/02 at 2 [Doc. No. 151]) (observing,"Here, the Plaintiff has offered evidence that Defendant has no assets in this district and has not posted a supersedeas bond to secure payment of the judgment.") For all of these reasons, Plaintiff's motion to certify judgment is granted.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Certify Judgment [Doc. No. 67] is **GRANTED**; and

2. Plaintiff may register the Court's June 12, 2012 Second Amended Judgment [Doc. No. 63] in the judicial district or districts in which Defendant's assets are likely to be found, specifically including districts within the states of Georgia and Florida.


Dated:   January 22, 2013                                  S/Susan Richard Nelson
                                                           SUSAN RICHARD NELSON
                                                           United States District Judge